```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**RANDY ROSE**                                             **CIVIL ACTION**

**VERSUS**                                                 **NO. 12-2644**

**HOWARD PRINCE, WARDEN**                                  **SECTION "G"(5)**

                    REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. §2254(e)(2).  IT IS HEREBY RECOMMENDED that the instant petition be **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Randy Rose, is currently incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[1]  On January 29, 2004, Rose was charged in an indictment with the second degree murder of his wife, Lisa James Rose.[2]  On August 31, 2004,

---

[1] Rec. Doc. No. 1.

[2] St. Rec. Vol. 2 of 18, Indictment, 01/29/04.

following trial by jury in the Orleans Parish Criminal District Court, Rose was found guilty of second degree murder.[3]  On October 1, 2004, the trial court sentenced Rose to life imprisonment without benefit of parole, probation, or suspension of sentence.[4]

On January 18, 2006, the Louisiana Fourth Circuit Court of Appeal vacated Rose's conviction based upon its finding that the trial court erred in admitting other-crimes evidence relating to Rose's physical abuse of his wife, Lisa, shortly before her murder, as well as his abuse and murder of his first wife, Monica Young Rose, in relation to which Rose pleaded guilty to manslaughter.[5]  The Louisiana Supreme Court, however, reversed, concluding that the other-crimes evidence had been properly admitted at trial, and remanded to the court of appeal for consideration of Rose's outstanding assignments of error.[6]  On remand, the Louisiana Fourth Circuit affirmed Rose's conviction and sentence.[7]  On November 2,

---

[3] St. Rec. Vol. 1 of 18, Trial Minutes, 08/31/04.

[4] St. Rec. Vol. 1 of 8, Trial Minutes, 10/01/04.

[5] State v. Rose, 925 So.2d 34 (La. App. 4th Cir. 01/18/06); St. Rec. Vol. 13 of 18, No. 2005-KA-0396.

[6] State v. Rose, 949 So.2d 1236(La. 2007); St. Rec. Vol. 14 of 18, No. 2006-K-0402.

[7] State v. Rose, 955 So.2d 270 (La. App. 4th Cir. 04/13/07); St. Rec. Vol. 10 of 18.

2007, the Louisiana Supreme Court denied Rose's writ application without opinion.[8]

Rose's conviction became final 90 days later, on January 31, 2008, when he did not file a writ application with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (citing 28 U.S.C. §2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir.1998)); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (citing 28 U.S.C. §2244(d)(1)(A)); U.S. Sup.Ct. R. 13(1).

On November 12, 2008, Rose's counsel filed an application for post-conviction relief with the state district court.[9] On October 7, 2011, the state district court denied Rose's post-conviction application.[10] On February 10, 2012, the Louisiana Fifth Circuit denied Rose's writ application, finding that Rose had failed to show he was entitled to relief.[11] On June 1, 2012, the Louisiana Supreme Court denied writs without opinion.[12]

---

[8]State v. Rose, 966 So.2d 601 (La. 2007); St. Rec. Vol. 15 of 18, No. 2007-K-0744.

[9]St. Rec. Vol. 2 of 18.

[10]St. Rec. Vol. 2 of 18.

[11]State v. Rose, No. 2011-K-1693 (La. App. 4th Cir. 02/10/12); St. Rec. Vol. 18 of 18.

[12]State v. Rose, 90 So.3d 437 (La. 2012). St. Rec. Vol. 18 of 18.

II.   FEDERAL HABEAS PETITION

On October 16, 2012, Rose filed the instant petition for federal habeas corpus relief in which he alleges that he received ineffective assistance of counsel.[13] The State filed a response in which it does not contest that Rose has exhausted his state court remedies, but contends that the instant petition is untimely.[14]

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[15] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Rose's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.

---

[13]Rec. Doc. No. 1.

[14]Rec. Doc. No. 13.

[15]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. §2254(b),(c)).

The Court finds that Rose's federal petition is untimely and should be dismissed for that reason.

IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[16] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Rose's conviction became final on January 31, 2008, when he did not file a writ application with the United States Supreme Court. Thus, under a literal application of the statute, Rose had until January 30, 2009, to file his federal habeas petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001);

---

[16]The statute of limitations provision of the AEDPA sets forth other triggers for the running of prescription. None of the other triggers are applicable in this case.

Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Rose has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  See Holland v. Florida, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599–600 (5th Cir.2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir.2002) (tolling warranted when defendant was

deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U .S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan v. Johnson, 154 F.3d 186, 99 n. 1 (5th Cir.1998). The Supreme Court has clearly described this provision

7

as a tolling statute. Duncan v. Walker, 533 U.S. 167, 175–78, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n. 1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. 8/27/98)(Table, Text in Westlaw); Gray v. Waters, 26 F.Supp.2d 771, 771–72 (D.Md.1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306–07 n. 4 (5th Cir.2000)(quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384–85 (5th Cir.2000). The timeliness consideration in Louisiana, for purposes of the

AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir.2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'"

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir.2000)(state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug.30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir.2005). Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone,

9

176 F.3d 489, 1999 WL 203523 (10th Cir. Apr.12, 1999)(Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D.La.2000), aff'd, 239 F.3d 365 (5th Cir.2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D.La. Jan.16, 2002)(Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D.Tex. Aug.13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F.Supp.2d 747, 751-52 (E.D.Mich. Jan.3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Rose's case on February 1, 2008, the day after his conviction was final. The limitation period ran without interruption for 284 days, until November 12, 2008, when Rose's counsel filed an application for post-conviction relief. The limitation period remained tolled until June 1, 2012, when the Louisiana Supreme Court denied Rose's writ application.

The limitation period began to run again on June 2, 2012, and did so for the remaining 81 days, until August 21, 2012, when it expired. Rose had no properly filed state post-conviction or other collateral review pending during that time period. Rose allowed another 55 days to expire before he submitted his federal petition on October 16, 2012. Accordingly;

**RECOMMENDATION**

For the foregoing reasons, it is RECOMMENDED that the petition of Randy Rose for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be DISMISSED WITH PREJUDICE as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996)(en banc)(citing 28 U.S.C. §636(b)(1)).[17]

New Orleans, Louisiana, this 24th day of      July     , 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[17]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.