UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY ROSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2644** |
| **HOWARD PRINCE, WARDEN** | **SECTION: "G" (5)** |

**ORDER AND REASONS**

Before the Court are Petitioner Randy Rose's ("Petitioner") objections[1] to the July 24, 2013 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed a petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254, claiming ineffective assistance of counsel.[3] The Magistrate Judge recommended that the matter be dismissed with prejudice as time-barred.[4] Petitioner objects, arguing he is entitled to equitable tolling.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

**I. Background**

*A. Factual Background*

On January 29, 2004, the State indicted Petitioner for second degree murder of his second

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 14.

[3] Rec. Doc. 1 at 2.

[4] Rec. Doc. 14 at 11.

[5] Rec. Doc. 16 at 1–2.

wife, Lisa James Rose.[6] On August 31, 2004, a jury in the Orleans Parish Criminal District Court found Petitioner guilty of second degree murder.[7] On October 1, 2004, the court sentenced Petitioner to life imprisonment without benefit of parole, probation or suspension of sentence.[8]

On January 18, 2006, the Louisiana Fourth Circuit Court of Appeal vacated Petitioner's conviction on grounds that the trial court erred in admitting other-crimes evidence. [9] The Louisiana Supreme Court reversed, holding that the other-crimes evidence had been properly admitted at trial, and the Louisiana Supreme Court remanded the case to the Louisiana Fourth Circuit to consider Petitioner's outstanding assignments of error.[10] The Louisiana Fourth Circuit affirmed Petitioner's conviction and sentence on remand.[11] On November 2, 2007, the Louisiana Supreme Court denied Petitioner's writ application without opinion.[12] Petitioner's conviction became final ninety days later on January 31, 2008, when he did not file a writ application with the United States Supreme Court.[13]

On November 12, 2008, Petitioner's counsel filed an application for post-conviction relief with the state district court.[14] On October 7, 2011, the state district court denied Petitioner's post-

---

[6] State Rec. Vol. II of XVIII, Indictment 1/29/04.

[7] State Rec. Vol. I of XVIII, Minute Entry 8/31/04.

[8] State Rec. Vol. I of XVIII, Minute Entry 10/1/04.

[9] *State v. Rose*, 05-0396 (La. App. 4th Cir. 1/18/06); 925 So. 2d 34. State Rec. Vol. XIII of XVIII, 1/18/06.

[10] *State v. Rose*, 06-0402 (La. 2007); 949 So. 2d 1236. State Rec. Vol. XIV of XVIII, 2/22/07.

[11] *State v. Rose*, 05-0396 (La. App. 4th Cir. 4/13/07); 955 So. 2d 270.  State Rec. Vol. X of XVIII, 4/13/07.

[12] *State v. Rose*, 07-0744 (La. 2007); 966 So. 2d 601. State Rec. Vol. XV of XVIII, 12/2/07.

[13] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. §2244(d)(1)(a)).

[14] State Rec. Vol. II of XVIII, Application 11/12/08.

conviction application.[15] On February 10, 2012, the Louisiana Fourth Circuit Court of Appeal denied Petitioner's writ application.[16] On June 1, 2012, the Louisiana Supreme Court denied Petitioner's writ without opinion.[17]

On October 16, 2012, Petitioner filed the instant petition for federal *habeas* relief with this Court, alleging that he received ineffective assistance of counsel.[18]

*B. Report and Recommendation*

On July 24, 2013, the Magistrate Judge recommended that Petitioner's claim be dismissed with prejudice as time-barred.[19] In the Report and Recommendation, the Magistrate Judge found that Petitioner properly exhausted his state court remedies prior to filing the instant federal *habeas* claim.[20] However, on the issue of timeliness the Magistrate Judge found Petitioner's claim expired per the statute of limitations period provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and declined to decide Petitioner's claim on the merits.[21]

The Magistrate Judge outlined statutory and equitable tolling exceptions to an untimely filing and decided that Petitioner failed to satisfy either exception.[22] The Magistrate Judge found that

---

[15] State Rec. Vol. II of XVIII, Judgment 10/7/11.

[16] *State v. Rose*, 11-1693 (La. App. 4th Cir. 2/10/12). State Rec. Vol. XVIII of XVIII, 2/10/12.

[17] *State v. Rose*, 12-0564 (La. 2012); 90 So. 3d 437. State Rec. Vol. XVIII of XVIII, 6/1/12.

[18] Rec. Doc. 1 at 2.

[19] Rec. Doc. 14 at 11.

[20] *Id*. at 3.

[21] *Id*.

[22] *Id.* at 5–10.

Petitioner failed to assert "any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled," and a review of the record exposed no circumstances that "might fit the restrictive boundaries of 'exceptional circumstances' described in binding precedent."[23]

The AEDPA also provides for the interruption of the one-year limitations period when a properly filed application for state post-conviction review is pending, known as statutory tolling.[24] The Magistrate Judge found that the one-year AEDPA limitations period began to run in Petitioner's case on February 1, 2008, the day after his conviction became final.[25] The limitations period ran for 284 days without interruption until Petitioner's counsel filed an application for post-conviction relief on November 12, 2008.[26] The limitations period tolled until the Louisiana Supreme Court denied Petitioner's writ application on June 1, 2012.[27] The limitation period restarted on June 2, 2012, and expired eighty-one days later on August 21, 2012, ending the one-year statute of limitations period.[28] Petitioner did not file the instant federal *habeas* petition until October 16, 2012, fifty-five days after

---

[23] *Id*. at 6.

[24] *Id.* at 7–8 (citing 28 U.S.C. § 2244(d)(2)).

[25] *Id.* at 10.

[26] *Id.*

[27] *Id.*

[28] *Id.*

the expiration of his one-year statutory filing deadline.[29] Accordingly, the Magistrate Judge recommended that Petitioner's writ of *habeas corpus* be dismissed with prejudice as time-barred.[30]

## II. Objections

### A. Petitioner's Objections

Petitioner timely filed his objections to the Magistrate Judge's July 24, 2013 Report and Recommendation.[31] Petitioner also filed a supplemental objection on August 26, 2013, asserting the same objections.[32] Petitioner argues that factual circumstances caused his delay in filing.[33] First, Petitioner claims his late filing occurred because his attorney waited ten months to initiate post-conviction proceedings in state court, which left Petitioner eighty-one days to file his application in federal court.[34] Next, Petitioner contends that had his attorney given him the exact deadline to submit his federal application, he would have timely filed it.[35] Finally, Petitioner asserts that the conditions of his incarceration contributed to his untimely filing.[36] Petitioner states:

> I don't have access to the law library, as do my inmates in general population. I had to write to a major, here, who placed me on a list to have an application for federal

---

[29] *Id.*

[30] *Id.* at 11.

[31] Rec. Doc. 15.

[32] Rec. Doc. 16.

[33] Rec. Doc. 15 at 1–2.

[34] *Id.* at 1.

[35] *Id.*

[36] *Id.*

*habeas corpus* to be brought to me. That took about a month. Then the guy showed up. It took him another week before he actually brought the application.[37]

Therefore, Petitioner argues he experienced about a five and a half week delay in obtaining his federal application materials.[38] Based on these objections, the Court construes his objections as claims for equitable tolling.[39]

## B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objection despite receiving electronic notice of the filing on August 12, 2013.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[40] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[41] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[42]

## IV. Applicable Law

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of *habeas corpus* applications after the underlying judgment

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[41] *Id*.

[42] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

becomes "final."[43] The United States Fifth Circuit Court of Appeal has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. However, "[i]f the defendant stops the appeal process before that point," . . . "the conviction becomes final when the time for seeking further direct review in the state court expires."
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court. . .or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."[44]

The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[45] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[46]

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[47] However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[43] 28 U.S.C. § 2244(d).

[44] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citations omitted).

[45] 28 U.S.C. § 2244(d)(2).

[46] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

[47] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

stood in his way and prevented timely filing."[48] A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[49]

## V. Analysis

On January 31, 2008, Petitioner's conviction became final when he did not file a writ application with the United States Supreme Court within the ninety-day appeal period.[50] Therefore, Petitioner had until February 1, 2009, to file his federal *habeas* petition, unless that deadline was extended through tolling.

### *A. Statutory Tolling*

Petitioner does not object to the Magistrate Judge's findings regarding statutory tolling.[51] The Magistrate Judge found that Petitioner's *habeas* application was untimely, despite the limitations period being statutorily tolled for approximately three and a half years.[52] Accordingly, because Petitioner did not object to the Magistrate Judge's finding on statutory tolling, this Court will review that finding for plain error.[53]

Petitioner's one-year statute of limitations period under the AEDPA began to run on

---

[48] *Id.* at 2562 (internal quotation marks omitted).

[49] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The Fifth Circuit noted, "[t]he doctrine will not be applied where the applicant failed to diligently pursue *habeas corpus* relief under § 2254, and ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted).

[50] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(a)).

[51] Rec. Doc. 15.

[52] Rec. Doc. at 7–11.

[53] *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (a District Court's review is limited to plain error of parts of the report which are not properly objected to).

February 1, 2008, the day after his conviction became final. The limitations period ran without interruption for 284 days until November 12, 2008, when Petitioner's counsel filed an application for post-conviction relief with the state district court.[54] The limitations period remained tolled until June 1, 2012, when the Louisiana Supreme Court denied Petitioner's writ application.[55] Significantly, the statutory tolling provision provided in § 2244(d)(2) does not create a new one-year period to file a federal *habeas* petition at the conclusion of the state court post-conviction proceeding.[56] Therefore, the limitation period resumed on June 2, 2012, and continued for the next eighty-one days until the one-year term expired on August 21, 2012. Petitioner did not file his federal petition until fifty-five days after August 21, 2012, beyond the statutory deadline.[57]

Finding no plain error, the Court adopts the Magistrate Judge's finding that Petitioner's application was untimely despite statutory tolling.

### B. Equitable Tolling

Petitioner objects to the Magistrate Judge's finding that he is not entitled to equitable tolling.[58] Because Petitioner has properly objected to the Magistrate Judge's finding on equitable tolling, the Court will review that finding by the Magistrate Judge *de novo*.[59]

First, Petitioner argues that his *habeas* petition was untimely filed in part because his counsel

---

[54] State Rec. Vol. I of XVIII, Application 11/12/08.

[55] *State v. Rose*, 12-0564 (La. 2012); 90 So.3d 437. State Rec. Vol. XVIII of XVIII, 6/1/12.

[56] *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

[57] Rec. Doc. 1.

[58] Rec. Doc. 15.

[59] FED. R. CIV. P. 72(b)(3).

waited ten months to initiate post-conviction proceedings.[60] However, a garden variety claim of excusable neglect by a petitioner's attorney will not support a claim for equitable tolling.[61] Petitioner's counsel assisted him for over three and a half years in exhausting his state court remedies, and after a period of statutory tolling applied, Petitioner still had over two months to file his federal *habeas* petition. As the Fifth Circuit has explained, equitable tolling is warranted "only in situations where 'the [petitioner was] actively misled . . . or [was] prevented in some extraordinary way for asserting his rights."[62] Petitioner's counsel's delay here does not meet that standard since Petitioner was given the opportunity to file his federal *habeas* petition with eighty-one days remaining before the limitations period expired on his claim.[63]

Next, Petitioner claims that when his attorney informed him that he would not represent Petitioner in his federal *habeas* petition, his attorney failed to inform him of the exact deadline to file his *habeas* petition.[64] However, ignorance of filing deadlines does not justify equitable tolling.[65] Petitioner acknowledges in his objections to the Magistrate Judge's recommendation that his attorney notified him twice that he must prepare his own federal *habeas* petition because counsel

---

[60] Rec. Doc. 15 at 1.

[61] *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

[62] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

[63] *See State v. Rose*, 12-0564 (La. 2012); 90 So. 3d 437. State Rec. Vol. XVIII of XVIII, 6/1/12 (Louisiana Supreme Court denied Petitioner's writ application on this date. The limitations period resumed on June 2, 2012, and expired eighty-one days later on August 21, 2012).

[64] Rec. Doc. 15 at 1.

[65] *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 n.3 (5th Cir. 1999).

was unwilling to represent him in his federal *habeas* petition.[66] Significantly, counsel notified Petitioner on December 7, 2011, that he needed to prepare his federal petition "now," and again on March 13, 2012, telling him to prepare and file his federal petition "ASAP."[67] At both times, Petitioner's writ for post-conviction relief was pending in state court, and therefore statutorily tolled. The limitations period did not resume on Petitioner's claim until June 2, 2012, giving him over two months to prepare his federal *habeas* petition after receiving notice from his attorney.

In his objection, Petitioner cites *Hardy v. Quarterman*, where the Fifth Circuit found that equitable tolling was warranted when the petitioner's counsel ignored his client's request to timely file a federal petition and failed to communicate with his client over a period of years, despite the client's numerous letters.[68] However, Petitioner's counsel in the instant case notified Petitioner months before the limitations period expired that counsel would not assist Petitioner in his federal *habeas* petition, and that it was Petitioner's responsibility to prepare that filing himself.[69]

Petitioner also cites *United States v. Wynn*, where the Fifth Circuit determined that equitable tolling was warranted when a petitioner's attorney deceived the petitioner by telling him that he timely filed his federal *habeas* petition.[70] However, Petitioner here does not allege that his attorney deceived him, and the December 7, 2011 letter from counsel to Petitioner accurately updated Petitioner on the status of his post-conviction proceedings and informed him of his need to prepare

---

[66] Rec. Doc. 15 at 4–5.

[67] *Id.* at 3–5.

[68] 577 F.3d 596, 599–600 (5th Cir. 2009).

[69] Rec. Doc. 15 at 4–5.

[70] 292 F.3d 226, 230 (5th Cir. 2002).

11

his own federal *habeas* filing.[71]

Finally, Petitioner asserts that due to his incarceration, he had to wait approximately five and a half weeks to obtain materials necessary for filling his federal application.[72] Petitioner appears to argue that he had inadequate access to the law library and *habeas* filing materials.[73] The Fifth Circuit has held that an inadequate law library does not constitute "extraordinary circumstances" warranting equitable tolling.[74] However, Petitioner had approximately eleven weeks (eighty-one days) to file his federal petition after he exhausted his state court remedies. Accordingly, the five and a half week delay in obtaining application materials cannot be construed as "extraordinary circumstances."[75]

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[76] Generally, equitable tolling applies where a petitioner was actively misled by the state or his counsel about his petition

---

[71] Rec. Doc. 15 at 4–6.

[72] *Id*. at 1.

[73] *Id*.

[74] *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

[75] *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)(tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), cert. denied, 543 U.S. 999 (2004) ("lockdowns and 'periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate,"); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir.2001) (attorney's nonresponsiveness, prisoner's ignorance of the law and prison transfer do not warrant equitable tolling).

[76] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000)).

or when some extraordinary obstacle prevents him from asserting his rights.[77] Petitioner has failed to establish either circumstance. Therefore, on *de novo* review, this Court finds that Petitioner's reasons for his untimely filing do not constitute "extraordinary circumstances" entitling him to equitable tolling. Because Petitioner is not entitled to equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 21, 2012, in order to be timely. His federal application was filed on October 16, 2012, and it is therefore untimely.

## VI. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Randy Rose's petition for issuance of a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __31st__ day of July, 2014.

*[signature]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[77] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citing *Rashidi v. Am President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).